Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
E-mail: melanie@jibraellaw.com
E-mail: eric@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SOPHIA ELIZABETH MATTHIAS,**<br><br>Plaintiff,<br><br>vs.<br><br>**EVERGREEN PROFESSIONAL RECOVERIES, INC,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Sophia Elizabeth Matthias ("Plaintiff") sues Evergreen Professional Recoveries, Inc. ("Defendant") for violating the Fair Debt Collection Practices Act 15 U.S.C. § § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), and 28 U.S.C §1331.

2. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Los Angeles County, California.

4. Venue of this action is proper in this Court because the cause of action alleged below arose in Los Angeles County, California.

5. This action is brought within the applicable statutory time limits of California law.

6. Plaintiff has standing to maintain this action because Defendant's violations were akin to the common law tort of intrusion upon seclusion, Plaintiff suffered legal injury as a result of Defendant's violations of the Rosenthal Act, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

**PARTIES**

7. Plaintiff is a natural person, and a citizen of the State of California, residing in Topanga Canyon, California.

8. Defendant is a Washington Corporation, with its principal place of business located in Bothell, Washington.

**DEMAND FOR JURY TRIAL**

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

10. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

12. The Subject Service was primarily for personal, family, or household purposes.

13. Plaintiff is a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

14. Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

15. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

17. Defendant is a business entity engaged in the business of collecting consumer debts.

18. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

19. Section 1692c(a)(1) of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

20. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

21. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection

of any debt "at any unusual time or place or ***a time or place known or which should be known to be inconvenient to the consumer.***" 15 U.S.C. § 1692c(a)(1). (emphasis added).

22. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." *See* Cal. Civ. Code § 1788.2(c).

23. Plaintiff may state a claim for violation of the Rosenthal Act by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692c(a)(1) of the FDCPA. *See* Cal. Civ. Code § 1788.17.

## THE VIOLATION

24. At 4:02 PM on September 4th, 2025, Plaintiff informed Defendant of the time and/or place which should be known to be inconvenient to Plaintiff.

25. Upon receipt of the Notice, Defendant was informed that any other time or location is not convenient for Plaintiff to receive collection communications.

26. Nevertheless, on or about September 19th, 2025, Defendant communicated with Plaintiff via Text message at 12:54 PM, in connection with collection of the Consumer Debt (the "Subject Communication.")

27. Attached as Exhibit "A" is a copy of the Subject Communication.

28. As shown above, through the Subject Communication, Defendant communicated with Plaintiff at a time and/or place which Defendant knew or should have known is inconvenient to Plaintiff.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

29. Plaintiff incorporates by reference ¶¶ 1-28 of this Complaint.

30. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or ***a time or place known or which should be known to be inconvenient to the consumer.***" 15 U.S.C. § 1692c(a)(1) (emphasis added).

31. As set forth above, Defendant sent the Subject Communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. Through the Subject Communication, Defendant communicated with Plaintiff at a time and/or place which Defendant knew or should have known is inconvenient to Plaintiff.

32. WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

(b) Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Enjoin Defendant from future violations of 15 U.S.C. § 1692c(a)(1) with respect to Plaintiff;

(d) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

(e) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF CAL. CIV. CODE § 1788.17

33. Plaintiff incorporates by reference ¶¶ 1-28 of this Complaint.

34. Section 1692c(a)(1) of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual

time or place or ***a time or place known or which should be known to be inconvenient to the consumer.***" 15 U.S.C. § 1692c(a)(1) (emphasis added).

35. As set forth above, Defendant sent the Subject Communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. Through the Subject Communication, Defendant communicated with Plaintiff at a time and/or place which Defendant knew or should have known is inconvenient to Plaintiff.

36. As such, by and through the Subject Communication, Defendant violated Cal. Civ. Code § 1788.17.

37. WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(b) Award Plaintiff damages pursuant to Cal. Civ. Code § 1788.17 and 1788.30(b);

(c) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(d) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.

(e) Any other relief that this Court deems appropriate under the circumstances.

Dated: November 21, 2025

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*